UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DIANE CROSS,<br><br>                     Plaintiff,<br>vs.<br><br>PACIFIC COAST PLAZA INVESTMENTS, L.P. et al.,<br><br>                     Defendants. | CASE NO. 06 CV 2543 JM (RBB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ROWLEY PETROLEUM CORPORATION'S MOTION TO DISMISS**<br><br>**[Docket No. 95]** |
|---|---|

## I.    BACKGROUND

This is a disability discrimination case alleging that defendants, various retail establishments, have violated federal and state law by not removing architectural barriers which prevent Plaintiff, an alleged disabled individual, from enjoying full and equal access to defendants' stores. Plaintiff brings claims arising under the Americans with Disabilities Act ("ADA"), the California Unruh Civil Rights Act (the "Unruh Act"), the California Disabled Persons Act ("DPA"), and the Health and Safety Code. Pending before the court is defendant Rowley Petroleum Corporation's ("Rowley") motion to dismiss the complaint in its entirety. See Docket No. 95. Rowley moves pursuant to Rule 12(h)(3), Rule 12(b)(1), and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff alleges that she is a paraplegic and therefore "physically disabled" within the meaning of federal and state law. Comp. ¶ 23. She also alleges that Rowley "is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce."

1 Id. ¶ 39. During an alleged visit to Rowley's establishment, Plaintiff contends she encountered physical barriers that prevented her from enjoying full and equal access and which deter her from returning. Id. ¶ 56. Plaintiff seeks relief in the form of damages,[1] injunctive and declaratory relief, and attorney's fees and costs.

Rowley argues Plaintiff's ADA claim should be dismissed because after Plaintiff filed suit, Rowley remedied the complained-of barriers and therefore the claim is moot. Rowley also argues that Plaintiff's state claims should be dismissed pursuant to 28 U.S.C. § 1367(c) because the relevant state law is unsettled.

## II.  STANDARD OF REVIEW

Rowley purports to move pursuant to the following three provisions of Rule 12.

A party may move the court to dismiss an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Mootness is a defect in subject matter jurisdiction because federal courts are empowered only to hear cases and controversies. U.S. Const. art. III, § 2; DeFunis v. Odegaard, 416 U.S. 312, 316 (1974). An action becomes moot, and therefore no case or controversy is presented, if after initiation of the action the aggrieved party receives the relief sought in the complaint. DeFunis, 416 U.S. at 317. When the moving party argues that the allegations are insufficient to confer subject matter jurisdiction as a matter of law, the court accepts the allegations as true. Whisnant v. United States, 400 F.3d 1177, 1179 (9th Cir. 2005). When the moving party argues that the court lacks subject matter jurisdiction as a matter of fact, then "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

In addition, a party may move the court to dismiss a claim upon which no relief can be granted. Fed. R. Civ. P. 12(b)(6). Such a dismissal can be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). In applying this standard, the court must treat all

---

[1] Plaintiff seeks damages pursuant to California law only. The ADA does not permit private recovery of damages. See 42 U.S.C. § 12188(a); Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133, 1136 (9th Cir. 2002).

1  factual allegations as true and construe the complaint in the light most favorable to the plaintiff.
2  Experimental Eng'g, 614 F.2d at 1245; see Concha v. London, 62 F.3d 1493, 1500 (9th Cir. 1995).
3  If matters outside the pleadings are submitted in connection with a Rule 12(b)(6) motion to dismiss,
4  the court treats the motion as one for summary judgment pursuant to Rule 56. Jacobson v. AEG
5  Capital Corp., 50 F.3d 1493, 1496 (9th Cir. 1995).

6  Finally, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks
7  jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). "The
8  party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction
9  exists." Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

10  **III.    DISCUSSION**

11  A. Motion to Dismiss the ADA Claim as Moot

12  Rowley argues that Plaintiff's action is moot because after this action was initiated, Rowley
13  "eliminated or resolved each of the applicable issues in the Complaint, though some never existed in
14  the first place." Mot. at 6. In support of its argument, Rowley submits the following evidence. First,
15  Rowley submits the declaration of Donald Reeves, an architect. Mr. Reeves contends that on or
16  around January 21, 2007, he personally inspected Rowley's property and found that the property was
17  fully compliant with all applicable standards for disabled access. Reed. Decl. at 2. Second, Rowley
18  submits photographs of its property purportedly showing that the alleged ADA violations have been
19  cured. See Peters Decl. and attached exhibits. Finally, Rowley submits the declaration of Gary
20  Rowley, a principal of Rowley Petroleum, in which Mr. Rowley states that Rowley is committed to
21  ensuring full access to its property and that any ADA violations thereon are no longer present.

22  In response, Plaintiff contends, without citing any authority, that Rowley's motion is actually
23  one for summary judgment, and that therefore the motion is premature because Plaintiff has not yet
24  had the opportunity to conduct discovery, including the opportunity for Plaintiff's expert to inspect
25  the property. Hubbard Decl. ¶ 6. Plaintiff also argues that her claim is not moot because the
26  complained-of barriers remain on Rowley's property. In support, Plaintiff submits the declaration of
27  her attorney Lynn Hubbard. Hubbard claims that she personally visited Rowley's property numerous
28  ///

1  times, the most recent visit having taken place on February 12, 2007, and found the property to be
2  noncompliant with the ADA. Id. ¶ 4.

3  The question of whether the ADA claim is moot is one of subject matter jurisdiction. DeFunis,
4  416 U.S. at 316. When presented with a Rule 12(b)(1) motion, the court "is not restricted to the face
5  of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual
6  disputes concerning the existence of jurisdiction." McCarthy, 850 F.2d at 560.[2] Here, the factual
7  dispute concerns whether Rowley has remedied the ADA violations alleged. The evidence before the
8  court on this issue is insufficient to resolve the parties' dispute of fact. While it is true that Plaintiff
9  carries the burden to prove the existence of subject matter jurisdiction, Scott, 792 F.2d at 927, Rowley
10 does not dispute that Plaintiff has not yet had the opportunity to conduct the discovery necessary to
11 drafting an intelligent response to the motion. Therefore, the court finds that the appropriate course
12 is to deny without prejudice Rowley's motion to dismiss the ADA claim for lack of jurisdiction.

13 B. <u>Motion to Dismiss the State Claims</u>

14 The court grants Rowley's motion to dismiss the state claims in light of the court's March 7,
15 2007 order granting co-defendant SWH Corporation's motion to dismiss the state claims pursuant to
16 28 U.S.C. § 1367(c). See Docket No. 117. The court grants Rowley's motion without addressing the
17 merits of the parties' arguments on the issue of supplemental jurisdiction. Rather, the court rests its
18 decision on the reasoning set forth in its March 7, 2007 order. See Fed. R. Civ. P. 12(h)(3); Snell v.
19 Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides
20 that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the
21 pendency of the action, even on appeal.")

22 / / /
23 / / /
24 / / /
25

26 [2] Contrary to Plaintiff's argument, Rowley's Rule 12(b)(1) motion is not convertible into a Rule 56
27 motion for summary judgment. This is so because Rowley challenges the existence of subject matter jurisdiction, not the sufficiency of Plaintiff's ADA allegations. Cf. Jacobson, 50 F.3d at 1496 (providing that
28 a Rule 12(b)(6) motion for failure to state a claim is converted into one for Rule 56 summary judgment when the court considers matters outside the pleadings).

## IV. CONCLUSION

For the foregoing reasons, the motion to dismiss the ADA claim for lack of jurisdiction is **DENIED** without prejudice. The motion to dismiss the supplemental state claims is **GRANTED**.

**IT IS SO ORDERED.**

DATED: March 13, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All Parties