1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10  DIANE CROSS,

CASE NO. 06 CV 2543 JM (RBB)

11                                          Plaintiff,

12       vs.

13

14  PACIFIC COAST PLAZA INVESTMENTS,
    L.P. et al.,

15                                          Defendants.

16

**ORDER DENYING DEFENDANT
BED BATH & BEYOND'S MOTION
FOR ORDER SETTING
EVIDENTIARY HEARING ON THE
ISSUE OF ARTICLE III STANDING
AND PERMITTING LIMITED
DISCOVERY**

**[Docket No. 49]**

17  **I.    INTRODUCTION**

18          This is an ADA architectural barriers case with pendant state claims.  Plaintiff Diane Cross

19  ("Plaintiff") has sued twenty defendants, including defendant Bed Bath & Beyond ("BBB"), for

20  violating federal and state disability laws.  Before the court is BBB's motion pursuant to Rules

21  12(b)(1) and 12(d) for an evidentiary hearing on the issue of whether Plaintiff has standing to bring

22  this action.[1]  BBB argues that Plaintiff's allegations are "incredulous" and that "[t]he circumstances

23  of this case call into suspect Cross' Article III standing.  Plaintiff's Counsel filed this lawsuit on behalf

24  of Cross, who herself has been the Plaintiff in more than 65 ADA lawsuits."  Mot. at 5-6.  BBB also

25  asks for a court order, if the present motion is granted, allowing BBB to conduct limited discovery and

26  staying any reciprocal discovery by Plaintiff.  Plaintiff opposes the motion.  The court deemed the

27

28          [1] Co-defendants Starbucks Corporation and SWH Corporation dba Mimi's Café join in BBB's motion.
    See Docket Nos. 54, 67.

matter suitable for decision without oral argument.  CivLR 7.1.d.1.  After considering the parties'

papers, the court hereby **DENIES** the motion for the following reasons.

## II.    BACKGROUND

In her complaint filed November 17, 2006, Plaintiff alleges that she is a paraplegic and

therefore "physically disabled" within the meaning of federal and state law.  Comp. ¶ 23.  She also

alleges that BBB "is an establishment serving food and drink, open to the public, which is intended

for nonresidential use and whose operation affects commerce."  Id. ¶ 30.  During an alleged visit to

BBB's Oceanside store, Plaintiff alleges that she encountered unlawful physical and intangible

barriers therein, barriers that denied her full and equal access and deter her from returning.  Id. ¶¶ 40,

47.  Plaintiff seeks relief in the form of damages,[2] injunctive and declaratory relief, and attorneys fees

and costs.

## III.   LEGAL STANDARDS

When a party moves pursuant to Rule 12(b)(1) to dismiss for lack of standing, the "plaintiff

has the burden of establishing the elements required for standing, and '[f]or purposes of ruling on a

motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all

material allegations of the complaint, and must construe the complaint in favor of the complaining

party.' " Takhar v. Kessler, 76 F.3d 995, 1000 (9th Cir.1996) (quoting Warth v. Seldin, 422 U.S. 490,

501,(1975)).  However, the court may properly consider matters outside the pleadings regarding

jurisdiction, resolving factual disputes where necessary, so long as the issues of jurisdiction and

substance are not "intertwined."   Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1997);

Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983) Here the jurisdictional issue and the

merits are intertwined because they both require resolution of whether Plaintiff actually visited BBB's

store and encountered the complained-of architectural barriers.  Accordingly, the court will accept the

allegations as true.

/ / /

---

[2] Plaintiff seeks damages pursuant to California law only; the ADA does not permit private recovery
of damages.  See 42 U.S.C. § 12188(a); Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133, 1136 (9th Cir.
2002).  The court, however, has declined to exercise supplemental jurisdiction over the California claims.  See
Docket No. 117 (court order entered March 14, 2007).

## IV.    **DISCUSSION: STANDING**

A plaintiff must establish the jurisdictional requirement of standing in order to prosecute her suit in federal court.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  A plaintiff has standing when she has suffered an injury in fact, there exists a causal connection between the injury and the defendant's conduct, and the injury is likely to be redressed by a favorable court decision.  Id. at 560-61.  Lack of Article III standing is a defect in subject matter jurisdiction.  See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541-42 (1986).

To establish standing in an ADA action seeking declaratory and injunctive relief, the plaintiff must show (1) that she is threatened with a concrete and particularized legal harm and (2) a sufficient likelihood that she will be harmed again in a similar way.  Bird v. Lewis & Clark College, 303 F.3d 1015, 1019 (9th Cir. 2002); Wilson v. Costco Wholesale Corp., 426 F. Supp. 2d 1115, 1119 (S.D. Cal. 2006); Molski v. Arby's Huntington Beach, 359 F. Supp. 2d 938, 946 (C.D. Cal. 2005).

The court finds that Plaintiff has met her burden to establish standing at this stage in the case. Plaintiff alleges that she visited the Oceanside store, encountered barriers therein which denied her full and equal access, and as a result is deterred from returning.  Comp. ¶¶ 40, 47

BBB nevertheless urges this court to conduct an evidentiary hearing pursuant to Rule 12(d), which provides

> (d) **Preliminary Hearings.** The defenses specifically enumerated (1)-(7) in subdivision (b) of this rule, whether made in a pleading or by motion, and the motion for judgment mentioned in subdivision (c) of this rule shall be heard and determined before trial on application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial.

Fed. R. Civ. P. 12(d).  The court declines BBB's invitation, finding the issue more properly deferred until summary judgment or trial.  Although the Central District of California in Molski held an evidentiary hearing at the pleading stages on whether the plaintiff had standing, it did so in light of the plaintiff's status as a vexatious litigant, a fact which is missing here.  Molski, 359 F. Supp. 2d at 941 n.1.

BBB also argues that an evidentiary hearing on standing is warranted because Plaintiff has filed more than sixty-five ADA lawsuits in the Central and Southern Districts of California.  See Def. Request for Judicial Notice.  In support of its argument, BBB cites Brother v. CPL Investments, 317

1   F. Supp. 2d 1358 (S.D. Fla. 2004) (finding number of cases filed relevant to whether plaintiff had

2   standing) and <u>Rodriguez v. Investco</u>, 305 F. Supp. 2d 1278, 1285 (M.D. Fla. 2004) (discussing

3   "cottage industry" of ADA litigation).   However, the standing determinations in <u>Brother</u> and

4   <u>Rodriguez</u> were made during trial.  Therefore, those cases do not support BBB's argument since here,

5   at the pleading stage, Plaintiff need only make sufficient allegations of injury.  Furthermore, the

6   number of ADA lawsuits filed is relevant to, but not dispositive of, resolving *on summary judgment*

7   whether the plaintiff has standing.  <u>See</u> <u>Wilson</u>, 426 F. Supp. 2d at 1123 (granting defendant's motion

8   for summary judgment and finding that plaintiff lacked standing in light of, <u>inter</u> <u>alia</u>, plaintiff having

9   filed over 80 lawsuits throughout California); <u>cf.</u> <u>Molski</u>, 359 F. Supp. 2d at  945 (finding number of

10   lawsuits filed irrelevant to resolving issue of standing at pleading stage).

11         Finally, BBB argues that the court should hold an evidentiary hearing because the allegation

12   that Plaintiff encountered barriers from visiting sixteen different stores and a number of restaurants

13   and restrooms is "incredulous." Mot. at 6.  However, BBB offers no reason as to why such allegations

14   are "incredulous" and therefore its conclusory argument provides no ground for granting the motion.

15   **V.**   <u>**CONCLUSION**</u>

16         Accordingly, the motion for an evidentiary hearing is **DENIED.**

17         **IT IS SO ORDERED.**

18   DATED:  March 23, 2007

19

20                            Hon. Jeffrey T. Miller
                       United States District Judge

21   cc: All Parties

22

23

24

25

26

27

28

06cv2543